**SUSAN MARTIN (AZ#014226)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

**BRIAN J. O'DWYER (*pro hac vice app. filed herewith*)**
**GARY SILVERMAN (*pro hac vice app. filed herewith*)**
**O'DWYER & BERNSTIEN, LLP**
52 Duane Street, 5th Floor
New York, NY 10007
Telephone:  (212) 571-7100
bodwyer@odblaw.com
gsilverman@odblaw.com

Attorneys for Plaintiff U.S. Airline Pilots Association

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| U.S. Airline Pilots Association, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| | ) |
| US Airways, Inc., | ) |
| | ) **COMPLAINT** |
| Defendant. | ) |
| _____ | ) |

Plaintiff U.S. AIRLINE PILOTS ASSOCIATION (hereinafter "USAPA"), by and through its attorneys, as and for its Complaint against defendant, respectfully alleges as follows:

**INTRODUCTION**

1.      This is an action to compel an airline employer to submit a dispute arising under the parties' collective bargaining agreement to arbitration in accordance with the dispute resolution procedures provided for thereunder and to fully comply with the letter and spirit of the collective bargaining agreement to effectuate its mandatory dispute resolution procedures.

2.      Under the Railway Labor Act, disputes between employers and unions concerning or implicating interpretation or application of collective bargaining agreements are "minor disputes", subject to compulsory and binding arbitration before System Boards of Adjustment.

3.      Federal labor policies strongly favor enforcement of dispute resolution procedures provided for in collective bargaining agreements.

4.      The dispute underlying the instant action to compel arbitration relates to defendant's termination of Captain Edward Myer without just cause and, therefore, in violation of the parties' collective bargaining agreement.

5.      Upon information and belief, defendant has failed and refused to participate in and comply with the dispute resolution procedures provided for in the collective bargaining agreement on the alleged grounds that certain procedural steps provided for therein were not followed.

6.      However, it is settled that where, as here, the underlying dispute arises under and is covered by the parties' collective bargaining agreement, any issues relating to whether the grievance procedures were followed are for the arbitrator to resolve and do not impact the right to obtain an order compelling the employer to arbitrate the dispute.

7.      In accordance with long settled precedent, federal labor policy and the parties' collective bargaining agreement, Plaintiff is entitled to an order compelling defendant to comply with the contractual dispute resolution procedures and to submit the dispute regarding Captain Edward Myer's termination from employment without just

cause in violation of the collective bargaining agreement to the relevant System Board of Adjustment

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*, pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction herein pursuant to 28 U.S.C. § 1337, as this is an action arising under a statute that regulates commerce and/or protects trade and commerce against restraints, namely, the RLA.

9.      Venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(b), in that it is the district where, upon information and belief, a substantial part of the events giving rise to this action occurred.  Venue is also proper in this Court because jurisdiction is not dependent on diversity of citizenship and the District of Arizona is a district where USAPA is doing business, and where defendant maintains its principal place of business.

## PARTIES

10.     USAPA is a private, unincorporated association operating as a labor organization.  USAPA is a "representative" as defined by the RLA, 45 U.S.C. § 151, Sixth, and is the certified collective bargaining representative of US Airways pilots. USAPA has been the certified collective bargaining representative of the pilots of US Airways since April 18, 2008 at which time a former union, the Air Line Pilots Association, ("Association"), was decertified.  USAPA has its principal place of business located at 200 E. Woodlawn Road, Suite 250, Charlotte, North Carolina, 28217.

11.     USAPA is the successor to the Association and stands in its place with respect to collective bargaining agreements to which the Association was a party with US Airways and America West Airlines.

12.     US Airways (also referred to herein as "the Company") is a commercial airline with national and international operations, and is a "common carrier by air" within the meaning of 45 U.S.C. § 181, and as such its labor relations is governed by the RLA,

45 U.S.C. §§ 151 *et seq.*   US Airways has its principal place of business located at 111 West Rio Salado Parkway, Tempe, Arizona  85281.

13.    Upon information and belief, US Airways is a wholly owned operating subsidiary of US Airways Group.

## FACTS

14.    USAPA, as the successor to the Association, and US Airways (hereinafter collectively referred to as "the parties") are parties to a collective bargaining agreement, as amended and supplemented, that defines certain terms and conditions of employment for the pilots of US Airways formerly employed by America West Airlines, which is referred to herein as the "2004 America West CBA".

15.    The 2004 America West CBA applies to US Airways Pilots "domiciled" out of US Airways' Phoenix-based operations.

16.    The 2004 America West CBA applies herein as the dispute underlying the instant matter involves the termination of a US Airways pilot domiciled in Phoenix.

17.    The 2004 America West CBA contains provisions, including, but not limited to, Sections 19 and 21 thereof, relating to the discipline and discharge of pilots. (True copies of Sections 19 and 21 of the 2004 America West CBA are annexed hereto as Exhibits "A" and "B" respectively)

18.    The 2004 America West CBA provides, at Section 19(C)(1) thereof, that the Company must have just cause to discharge any pilot who is not on probation.

19.    The 2004 America West CBA provides, at Section 19(B) thereof, that any pilot who is dissatisfied with the Company's decision regarding discipline or discharge has a right of appeal pursuant to Section 21 of the 2004 America West CBA.

20.    Pursuant to Section 204 of the RLA (45 U.S.C. § 184), airlines and the unions representing their employees must establish arbitration panels, known as System Boards of Adjustment, to resolve disputes involving interpretation or application of collective bargaining agreements.

21.     Pursuant to Section 204 of the RLA (45 U.S.C. § 184), airlines and the unions representing their employees must submit disputes involving interpretation or application of collective bargaining agreements to these established System Boards of Adjustment for final and binding resolution.

22.     System Boards of Adjustment established by airlines and the unions representing their employees have exclusive primary jurisdiction to resolve applicable grievance disputes, and constitute mandatory, exclusive, and comprehensive system for resolving grievance disputes.

23.     The 2004 America West CBA provides for an arbitration panel to resolve disputes, known as the America West Airline Pilots' System Board of Adjustment ("the System Board").

24.     In accordance with the 2004 America West CBA, including Section 21(a)(2) thereof, the parties have agreed to arbitrate disputes "growing out of the interpretation or application of any of the terms of this Agreement".

25.     In accordance with the 2004 America West CBA, including Section 21(a)(2) thereof, the parties have agreed to arbitrate disputes concerning pilot discipline and termination through the System Board of Adjustment.

26.     The 2004 America West CBA establishes two forms of the System Board, a four-member System Board, comprised of two Company designees and two Union designees (§§21(a)(1) and 21(c)(4)) and a five-member System Board, comprised of two Company designees, two Union designees, and a neutral arbitrator from an established panel of neutrals (§21(D)(4)).

27.     The 2004 America West CBA also provides, at Section 21(C)(6) thereof, that in the event the four-member System Board deadlocks, or is deemed to have deadlocked on an appeal, USAPA can file a written appeal to the five-member System Board.

28.     The 2004 America West CBA also provides, at Section 21(C)(7) thereof,

that the Company and Union can mutually agree in writing to bypass the four-member System Board in disputes relating to discipline and discharge and have the dispute determined by the five-member System Board.

29.   In or around October 2010, a dispute arose between the parties concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

30.   As of October 2010, Captain Edward Myer was a Phoenix-based US Airways pilot with approximately 25 years of service as a Pilot for US Airways and was not then on probation.

31.   By letter dated March 29, 2010 from Captain Kenneth Wood, US Airways' Regional Director of Line Flying PHX, Captain Edward Myer was notified as provided for in Section 19 of the 2004 America West CBA that the Company was investigating his alleged actions of March 12, 2010 while off US Airways' property.

32.   By letter dated April 13, 2010 from Captain Edward Myer to Lyle Hogg, Vice President of US Airways Flight Operations, Captain Myer invoked his right to a hearing with respect to the Company's investigation of his alleged actions of March 12, 2010.

33.   On April 23, 2010, a Section 19 hearing was held with respect to the Company's investigation of Captain Edward Myer's alleged actions of March 12, 2010.

34.   By letter dated October 29, 2010, the Company terminated Captain Edward Myer from employment as a pilot with US Airways.

35.   The Company's termination of Captain Edward Myer was without just cause in violation of the 2004 America West CBA.

36.   By letter dated November 12, 2010 from USAPA President Captain Michael Cleary to First Officer Dennis Brennan, Chairman of the System Board, USAPA invoked proceedings under Section 21(C) of the 2004 America West CBA with respect to the termination of Captain Edward Myer.

37.     In accordance with Section 21(B) of the 2004 America West CBA, on January 20, 2011, the Grievance Review Board met and considered Captain Edward Myer's termination, with a decision of "unresolved".

38.     By letter dated January 26, 2011 from USAPA President Captain Michael Cleary to First Officer Dennis Brennan, Chairman of the System Board, USAPA invoked procedures provided for under Section 21(A) of the 2004 America West CBA with respect to the Company's termination of Captain Edward Myer.

39.     In said letter dated January 26, 2011 from Captain Michael Cleary to Dennis Brennan, USAPA sought to convene a System Board to hear and determine the dispute concerning the Company's termination of Captain Edward Myer without just cause,

40.     By letter dated January 26, 2011 from USAPA Grievance Chairwoman Captain Tracey Parella to Beth Holdren, US Airways Managing Director of Labor Relations, Flight, USAPA sought the Company's agreement to bypass the four-member System Board as provided for in accordance with Section 21(C)(7) of the 2004 America West CBA and to postpone selection of the neutral arbitrator, as provided for in accordance with Section 21(D) of the 2004 America West CBA.

41.     The Company agreed with USAPA's request that the parties bypass the four-member System Board and to postpone selection of the neutral arbitrator.

42.     By email dated March 29, 2013 from USAPA Grievance Chairman Captain Dave Ciabattoni addressed to Ms. Beth Holdren, USAPA advised that it was ready to proceed with the grievance concerning the termination of Captain Edward Myer and requested that the Company "strike for arbitration" with respect to that matter, among others.

43.     The term "strike for arbitration" (also referred to as "strike for arbitrators") means the process of selecting the neutral arbitrator for the five-member System Board by the parties alternately striking the names of arbitrators from a pre-approved panel of

arbitrators (the first strike to be determined by a coin toss) until only one name remains. 2004 America West CBA, §21(E)(2).

44.     In accordance with applicable provisions of the 2004 America West CBA, a five-member System Board cannot be convened to resolve disputes unless and until both the Company and USAPA select a neutral.

45.     The Company did not respond to Captain Dave Ciabattoni's March 29, 2013 email.

46.     The Company failed and/or refused to strike for arbitration with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA as requested in Captain Dave Ciabattoni's March 29, 2013 email.

47.     By email dated April 18, 2013 from Captain Dave Ciabattoni addressed to Ms. Beth Holdren, USAPA repeated its request for the Company to strike for arbitration with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA, as well as other open grievances.

48.     The Company did not respond to Captain Dave Ciabattoni's April 18, 2013 email.

49.     The Company failed and/or refused to strike for arbitration with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA in response to Captain Dave Ciabattoni's April 18, 2013 email.

50.     In or around June 2013, USAPA repeated via telephone its request for the Company to strike for arbitration with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA, as well as other open grievances.

51.     The Company refused to strike for arbitration with respect to the dispute

concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA unless USAPA agreed in advance to stipulate that the sole issue before the System Board would be whether the Myer grievance was arbitrable.

52.     Given there is no basis in the 2004 America West CBA or the parties' prior conduct for the Company's proposed limitation on the arbitration of the Myer grievance, USAPA declined the Company's proposed limitation and reiterated its request to strike for arbitration with respect to the Myer grievance without limitation and consistent with the 2004 America West CBA and the parties' prior conduct.

53.     The Company maintained its position that it would not strike for arbitration unless USAPA agreed to its inappropriate proposal limiting the issue before the System Board to the question of arbitrability of the Myer grievance.

54.     As of the date of this complaint, despite due demand therefor, the Company has failed and/or refused to strike for arbitration with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

55.     As of the date of this complaint, despite due demand therefor, the Company has failed and/or refused to take necessary steps and measures to select the neutral member of the System Board with respect to the dispute  concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

56.     As of the date of this complaint, despite due demand therefor, the Company has failed and refused to take steps and measures to schedule the System Board with respect to the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

57.     The Company's failure and refusal to take or complete necessary steps and measures to submit Captain Edward Myer's appeal of his termination from employment

to the five-member System Board is without justification and violates the 2004 America West CBA.

<strong>COUNT I</strong>

<strong>COMPELLING US AIRWAYS TO STRIKE FOR ARBITRATION</strong>

58.     USAPA repeats the allegations of paragraphs 1-54 as if fully set forth herein.

59.     In accordance with the 2004 America West CBA, including but not limited to Section 19(C)(1) thereof, the Company was required to have just cause to terminate Captain Edward Myer.

60.     The Company breached the 2004 America West CBA by terminating Captain Edward Myer from employment without just cause.

61.     The dispute involving the Company's breach of the 2004 America West CBA for terminating Captain Edward Myer without just cause is a "minor dispute" within the meaning of the RLA.

62.     The dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA is a dispute covered by dispute resolution procedures provided for in the 2004 America West CBA.

63.     Pursuant to applicable provisions of the 2004 America West CBA, including but not limited to Sections 19(B) and 21(A)(2) thereof, the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA is within the jurisdiction of the five-member System Board.

64.     The Company has no basis to condition its participation in the dispute resolution procedures on USAPA's agreement to bifurcate questions concerning arbitrability and the merits of the dispute.

65.     The Company violates the 2004 America West CBA by conditioning, or attempting to condition, its participation in the dispute resolution procedures provided for in the 2004 America West CBA on USAPA's agreement to bifurcate questions

concerning arbitrability and the merits of the dispute.

66.     In accordance with the RLA, including Section 204 thereof, 45 U.S.C. §184, courts have the power to compel carriers to arbitrate disputes "growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . ."

67.     In accordance with the RLA, including Section 204 thereof, 45 U.S.C. § 184, this Court has the power to compel the Company to strike for arbitration and proceed to participate in the five-member System Board to resolve the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

68.     In accordance with the RLA, including Section 204 thereof, 45 U.S.C. § 184, this Court has the power to compel the Company to strike for arbitration and proceed to participate in the five-member System Board to resolve the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA without conditioning its participation in those procedures on USAPA's agreement to bifurcate procedural and merits issues.

69.     In accordance with the RLA, including Section 204 thereof, 45 U.S.C. § 184, this Court has the power to compel the Company to take all required steps and measures so that the five-member System Board can hear and determine the dispute concerning the Company's termination of Captain Edward Myer without just cause in violation of the 2004 America West CBA.

WHEREFORE, USAPA demands an order and judgment against US Airways and in favor of USAPA as follows:

    a.   compelling US Airways to strike for arbitrators with respect to the grievance  concerning the termination of Captain Edward Myer without just cause;

    b.   compelling US Airways to take all steps and measures necessary so as

to submit the grievance concerning the termination of Captain Edward

Myer without just cause to arbitration as provided for in the 2004

America West CBA;

c.  awarding USAPA reasonable attorneys' fees and costs arising out of

this action as determined by the Court; and

d.  awarding such other and further relief as this Court may deem

equitable, proper and just.

DATED this 13th day of August, 2013.

**MARTIN & BONNETT, P.L.L.C.**

By:  s/Susan Martin
     Susan Martin
     Jennifer L. Kroll
     1850 N. Central Ave. Suite 2010
     Phoenix, AZ 85004
     (602) 240-6900

     O'DWYER & BERNSTIEN, LLP
     Brian O'Dwyer (*pro hac vice* app. pending)
     Gary Silverman (*pro hac vice* app. pending)
     52 Duane Street, 5th Fl.
     New York, New York 10007
     (212) 571-7100

     Attorneys for Plaintiff.